IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JESSICA RYBURN, *as next friend of* L.W., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:16-CV-879-RP |
| GIDDINGS INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

**<u>ORDER</u>**

Before the Court is Plaintiff's Opposed Motion for Leave of Court to File Plaintiff's Second Amended Complaint. (Dkt. 7). Following an initial Rule 12(b)(6) motion by which Defendant sought to dismiss Plaintiff's initial complaint, Plaintiff sought leave to file her First Amended Complaint. Defendant did not oppose that request. Defendant thereafter filed another Rule 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint. Rather than respond to Defendant's motion, Plaintiff filed this motion again seeking to file another amended complaint. Defendant opposes this request on the basis that the amendments would be futile.

While Defendant has filed a full brief in support of its Rule 12(b)(6) motion concerning the First Amended Complaint, its response to the instant motion only briefly addresses the new allegations and claims Plaintiff seeks to raise. The Court also lacks the benefit of a response to Defendant's pending motion to dismiss and has received only a cursory and begrudging rebuttal to the arguments Defendant offered in its response to this motion. (*See* Pl.'s Reply, Dkt. 9, at 2 ("As such, Plaintiffs will not substantially respond to Defendant's argument on the topic of futility noted in said objections . . . unless this Court *Orders* Plaintiffs to do so.")). Ideally, Plaintiff would have responded to Defendant's pending motion so that she could benefit from the Court's analysis—

either in granting or denying Defendant's motion—in crafting an amended complaint. And the Court would also prefer that Plaintiff respond to Defendant's arguments rather than gamble that the Court will order her to do so rather than deem her rebuttal waived.

The fact remains, however, that the state of the record currently does not permit a meaningful review of the merits of Plaintiff's claims, and the Court is not convinced that the most efficient solution to this problem is to have Plaintiff respond to Defendant's pending motion rather than proceeding with the more fulsome allegations of the Second Amended Complaint. Even if the Court were to grant Defendant's pending motion, there would likely remain a dispute as to whether further amendment would be futile, or Defendant might again need to prepare another motion to dismiss another iteration of Plaintiff's Complaint following the Court's grant of dismissal with leave to amend.

As this case is still in its earliest stages, and mindful that leave to amend should be freely given, *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2005), the Court **GRANTS** Plaintiff's motion so that the sufficiency of the expanded allegations of Plaintiff's Second Amended Complaint can be fully and thoroughly addressed. (Dkt. 7). Plaintiff is admonished that she will not again be allowed to avoid defending a Rule 12(b)(6) motion by filing another complaint. Additionally, in light of Plaintiff's amendments, Defendant's pending motion to dismiss is **DISMISSED** as moot and without prejudice to refiling. (Dkt. 6). Should Defendant again wish to raise the issue of the sufficiency of Plaintiff's complaint, the Court requests that the parties discuss whether the facts alleged might satisfy the elements of the state-created danger theory of liability under 42 U.S.C. § 1983. *See Doe ex. rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 865 (5th Cir. 2012).[1]

Finally, the Court notes that the no scheduling order is in place. Local Rule CV-16(c) requires the parties to submit a proposed scheduling order within sixty days of the appearance of

---

[1] The Court recognizes that the Fifth Circuit has never expressly adopted this theory. *Id.* at 864–65.

any defendant. As this deadline has passed, the Court **ORDERS** the parties to submit a joint

proposed scheduling order within ten (10) days of the entry of this order.

 **SIGNED** on February 9, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE